Submitted November 5, 2018, affirmed November 20, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER LEE WORKMAN,
*Defendant-Appellant.*

Deschutes County Circuit Court
16CR57308; A165068

455 P3d 566

Defendant was convicted of third-degree assault, ORS 163.165(2)(a), based on an Alford plea. The sentencing court imposed $8,274.84 in restitution, payable to the Crime Victims' Compensation Program (CVCP), for medical expenses and lost wages paid on behalf of and to the victim. Defendant challenges the award of restitution for the medical expenses, contending that, under *State v. McClelland*, 278 Or App 138, 372 P3d 614, *rev den*, 360 Or 423 (2016), there is insufficient evidence to support a finding that the claimed medical expenses were reasonable. *Held*: The sentencing court did not err in its award of restitution, because evidence that CVCP reimbursed the victim based on Oregon's workers' compensation fee schedules supported the court's conclusion that the medical expenses paid were reasonable.

Affirmed.

Wells B. Ashby, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Haselton, Senior Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Defendant was convicted of third-degree assault, ORS 163.165(2)(a), based on an *Alford* plea.[1] The sentencing court imposed $8,274.84 in restitution, payable to the Crime Victims' Compensation Program (CVCP),[2] for medical expenses that CVCP paid on behalf of the victim (a total of $5,154.84), and lost wages ($3,120) that CVCP paid to the victim. On appeal, defendant challenges the award of restitution for the medical expenses, contending that, under *State v. McClelland*, 278 Or App 138, 372 P3d 614, *rev den*, 360 Or 423 (2016), there is insufficient evidence to support a finding that the claimed medical expenses were reasonable. On review for legal error, *State v. Campbell*, 296 Or App 22, 26, 438 P3d 448 (2019), we affirm.

When the state seeks restitution for amounts paid for medical charges, it must prove that the charges were reasonable. ORS 137.103(2); ORS 31.710; *McClelland*, 278 Or App at 143-44. A medical charge is reasonable if it is at (or below) the market rate for the services, drugs, or other medical items provided: "[T]he market rate is a reasonable amount for a victim to recover for medical expenses." *Campbell*, 296 Or App at 30. Medical bills, standing alone, are insufficient to prove that the charges reflected therein are market rate (or below) and, therefore, reasonable for purposes of the restitution statutes. *State v. J. M. E.*, 299 Or App 483, 487, 451 P3d 1018 (2019). Rather, "[s]ome additional testimony or evidence is required to support the reasonableness of the bill for the hospital or medical services." *McClelland*, 278 Or App at 144. As we recognized in *Campbell*, that additional evidence may consist of evidence that the medical charges for which restitution is sought "were at or below the usual

---

[1] "An *Alford* plea is a guilty plea in which the defendant does not admit commission of the criminal act or asserts that he is innocent. In such a situation, the trial court must determine that there is a factual basis for the plea." *State v. Sullivan*, 197 Or App 26, 28 n 1, 104 P3d 636 (2005), *rev den*, 340 Or 673 (2006) (emphasis in original).

[2] ORS 137.103(4)(c) provides that the "Crime Injuries Compensation Account" qualifies as a "victim" entitled to receive restitution "if it has expended moneys on behalf of" "[t]he person or decedent against whom the defendant committed the criminal offense, if the court determines that the person or decedent has suffered or did suffer economic damages as a result of the offense."

and customary rate for those services in that market." 296 Or App at 32.

Although defendant argues otherwise, this is not a case in which the trial court awarded restitution for medical charges based on bills alone. At the restitution hearing, the state called Shaw, the manager of CVCP. She testified that, before paying medical expenses, CVCP would review the bill, the chart notes, and, in the case of a victim with insurance, the explanation of benefits. She testified further that the amounts it paid for the victim's medical expenses were for hospital bills, doctor bills, and bills for medication. Most significantly with respect to the issue of reasonableness, Shaw explained that CVCP "did not pay the majority of those bills at 100 percent." Instead, at least when the victim is uninsured, CVCP pays medical charges using the workers' compensation fee schedule for medical services. In this case, the victim was uninsured and CVCP, in fact, paid the medical charges at issue in accordance with the workers' compensation fee schedules, writing off amounts that exceeded what was allowed by the fee schedule.

That evidence is sufficient to support a finding that the medical charges for which restitution was sought in this case were at or below market rate and, therefore, reasonable. By statute, ORS 656.248, the rates contained in Oregon's workers' compensation fee schedules "shall represent the reimbursement generally received for the services provided" and must be based on "any one or all of the following" types of information about the medical services market:

"(a)   The current procedural codes and relative value units of the Department of Health and Human Services Medicare Fee Schedules for all medical service provider services included therein;

"(b)   The average rates of fee schedules of the Oregon health insurance industry;

"(c)   A reasonable rate of markup for the sale of medical devices or other medical services;

"(d)   A commonly used and accepted medical service fee schedule; or

	"(e)	The actual cost of providing medical services."

ORS 656.248(1).

		In view of those statutory requirements, it can be inferred that workers' compensation fee schedules reflect customary market rates for medical services and, consequently, that medical charges paid at those rates, as happened here, were reasonable. The trial court did not err in awarding restitution for the claimed medical expenses on this record.

		We observe that our recent decision in *J. M. E.*, 299 Or App at 488-89, which also involved restitution payable to CVCP, is not to the contrary. In that case, "[n]o witness testified that the amount charged—or the amount subsequently paid by CVCP—was at or below the market rate for those services, nor was there any other evidence as to the reasonableness of the medical bill." *Id*. at 488. Here, by contrast, the state introduced the type of evidence omitted in *J. M. E.*—testimony that the charges were paid in accordance with the workers' compensation fee schedule. That evidence, as noted, allows for the conclusion that the amounts paid were reasonable.

		Affirmed.