Submitted November 5, 2018; reversed and remanded for resentencing, otherwise affirmed December 4, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD GEAN HILBURN,
*Defendant-Appellant.*

Marion County Circuit Court
17CR11850; A165875

455 P3d 995

Defendant pleaded guilty to sexually abusing J, a child under the age of 14. The sentencing court imposed $2,429.94 in restitution for medical expenses incurred by J as a result of defendant's crimes. Defendant appeals that award, contending that, under *State v. McClelland*, 278 Or App 138, 372 P3d 614, *rev den*, 360 Or 423 (2016), there is insufficient evidence to support a finding that the claimed medical expenses were reasonable. The state argues that, because there is evidence that the medical expenses were paid at discounted rates, it is inferable that those expenses were reasonable. *Held*: The trial court erred in awarding restitution because none of the state's evidence showed how the amounts paid for J's medical expenses corresponded to market rates. *See State v. J. M. E.*, 299 Or App 483, 487, 451 P3d 1018 (2019).

Reversed and remanded for resentencing; otherwise affirmed.

Thomas M. Hart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Haselton, Senior Judge.

LAGESEN, P. J.

Reversed and remanded for resentencing; otherwise affirmed.

## LAGESEN, P. J.

Defendant sexually abused J, a child under the age of 14. For that conduct, he was convicted, pursuant to a guilty plea, of one count of second-degree sodomy, ORS 163.395, and two counts of first-degree sexual abuse, ORS 163.427. The sentencing court imposed $2,429.94 in restitution—$2,000.56 payable to Willamette Valley Community Health (WVCH) and $429.38 payable to the Department of Human Services (DHS)—for amounts those entities had paid to cover medical expenses incurred by J as a result of defendant's crimes. On appeal, defendant challenges the award of restitution for the medical expenses, contending that, under *State v. McClelland*, 278 Or App 138, 372 P3d 614, *rev den*, 360 Or 423 (2016), there is insufficient evidence to support a finding that the claimed medical expenses were reasonable. On review for legal error, *State v. Campbell*, 296 Or App 22, 26, 438 P3d 448 (2019), we reverse.

The relevant historical and procedural facts are not disputed. In support of the claim for restitution, the state introduced evidence (in the form of records and testimony) of the amounts that the providers billed for the medical services at issue, and the amounts that WVCH and DHS paid for those services. That evidence reflects that the amounts that WVCH and DHS paid the providers were less—significantly so, in some instances—than what the providers had billed. Although the state called witnesses from both DHS and WVCH to testify about the payments for which restitution was sought, and those witnesses testified about the services covered by those payments, the state elicited no testimony addressing how the amounts paid related to the customary market rates for the prescription and medical services covered by those payments.

Following the close of the evidence, defendant argued that the state's evidence was insufficient under *McClelland* to establish that the claimed medical expenses were reasonable. The trial court rejected that argument. With respect to the charges paid by WVCH, the court noted that the exhibit reflected that WVCH paid for medical services at a discounted "contract amount" that the court determined was "reasonable within the circumstances." The court

reached a similar conclusion regarding the amounts paid by DHS, observing that they were less than the amounts billed. On appeal, defendant reiterates his contention that the evidence presented was insufficient to support a finding that the amounts paid for the victim's medical expenses were reasonable, as required under *McClelland*.

When the state seeks restitution for amounts paid for medical charges, it must prove that the charges were reasonable. ORS 137.103(2); ORS 31.710; *McClelland*, 278 Or App at 143-44. As we recently explained in *Campbell*—decided after the trial court ruled in this case—a medical charge is reasonable if it is at (or below) the market rate for the services, drugs, or other medical items provided: "[T]he market rate is a reasonable amount for a victim to recover for medical expenses." 296 Or App at 30. Medical bills, standing alone, are insufficient to prove that the charges reflected therein are at market rate (or below) and, therefore, reasonable for purposes of the restitution statutes. *State v. J. M. E.*, 299 Or App 483, 487, 451 P3d 1018 (2019). Rather, "[s]ome additional testimony or evidence is required to support the reasonableness of the bill for the hospital or medical services." *McClelland*, 278 Or App at 144.

Here, the state argues that it did not rely on medical bills alone to prove the reasonableness of the amounts paid, as was the case in *McClelland*, but, instead, relied on evidence that the bills not only were paid, but were paid at discounted rates. According to the state, it is inferable from that evidence that the amounts sought on behalf of DHS and WVCH were reasonable. But none of the evidence introduced by the state demonstrates how the amounts billed by the victim's medical providers, or the amounts subsequently paid by DHS and WVCH, correspond to market rates. In *J. M. E.*, we concluded that a similar lack of evidence about how charges for medical services, or the amounts paid for those services, corresponded to market rates, meant that the state failed to prove that the medical expenses it was seeking in restitution were reasonable. 299 Or App at 488. Although it is true that the amounts paid by DHS and WVCH were discounted—substantially in some instances—from the amounts billed, the fact of the discount, alone, does not demonstrate that the amounts paid were at or below

market rates. As we have explained, "the factfinder cannot be presumed to know what a reasonable charge for medical services is based on the factfinder's own experience, and without further evidence." *Martinez v. Delgado-Galban*, 296 Or App 659, 664, 439 P3d 526 (2019). Here, there simply was no such further evidence. The trial court therefore erred in awarding restitution to DHS and WVCH.

Reversed and remanded for resentencing; otherwise affirmed.