1

Argued and submitted August 7, 2020, affirmed June 3, petition for review denied October 10, 2021 (368 Or 637)

In the Matter of C. A. M.-D.,
aka C. M.-D., a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

C. A. M.-D.,
aka C. M.-D.,
*Appellant.*

Multnomah County Circuit Court
18JU07933;
Petition Number 180705187;
A171383

493 P3d 55

Youth appeals a supplemental judgment imposing restitution based on his admission to committing acts that would constitute fourth-degree assault, ORS 163.160(1)(a), if committed by an adult. Youth contends that there is insufficient evidence to support the juvenile court's conclusions that his actions caused the victim's medical expenses or that the expenses were reasonable. *Held*: On this record, the evidence was sufficient to support the juvenile court's conclusions that youth's conduct caused the medical expenses and that the bills were for reasonable amounts.

Affirmed.

Beth A. Allen, Judge.

Christa Obold Eshleman argued the cause and filed the brief for appellant. On the reply brief was Matthew J. Steven.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Affirmed.

**DeVORE, P. J.**

Youth appeals a supplemental judgment imposing restitution based on his admission to committing acts that would constitute fourth-degree assault, ORS 163.160(1)(a), if committed by an adult. In a single assignment of error, youth contends that there is insufficient evidence to support the juvenile court's conclusions that his actions caused the victim's medical expenses or that the expenses were reasonable.[1] For the reasons below, we affirm.

The facts are few and undisputed. As part of his admission, youth admitted to "caus[ing] physical injury to" the victim on July 2, 2018. Prior to the restitution hearing, the Crime Victim and Survivor Services Division (CVSSD) of the Department of Justice requested restitution in the amount of $5,965.44. That amount consisted of $5,486.33 in medical and ambulance bills, which CVSSD paid on behalf of the victim, and $479.11 in lost wages, which CVSSD paid to the victim.

At the hearing, Shaw, a manager with CVSSD, testified that, upon receiving an application for compensation from a victim, the division investigates to determine whether the victim is eligible to receive assistance. Shaw testified that, prior to paying a medical bill, CVSSD "gather[s] information to ensure that it is crime-related." The division reviews police reports, bills from medical providers, and explanations of benefits from any insurance providers, and it contacts detectives or police officers on the case to "ensure that [CVSSD is] paying bills that are a direct result of whatever crime we have accepted that claim for."

Shaw confirmed that CVSSD had received a request for compensation from the victim in this case for the assault that occurred on July 2, 2018. She testified that the victim was transported by ambulance to a specific hospital and, as a result of that hospital visit, incurred a hospital

---

[1] Youth also argues that the evidence below was insufficient to establish the causation or reasonableness of the restitution amount sought for the victim's lost earnings. That argument is unpreserved, and we reject it without further discussion. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (explaining generally that an error is unpreserved if the defendant did not adequately identify his argument before the trial court).

bill of $11,253.18. Shaw testified that, because the victim did not have health insurance, CVSSD followed the Oregon Workers' Compensation Fee Schedule for payment of the expenses and paid only 34 percent of the victim's hospital bill—a reduced sum of $3,848.59.[2]

Youth argued that the evidence was insufficient to permit a restitution award for the victim's medical expenses for two reasons. First, notwithstanding Shaw's testimony, youth argued that there was a "complete absence of cause between the criminal conduct in this case and the amounts billed here." Second, youth argued that, without testimony from a medical expert who had examined the medical bills, there was insufficient evidence of the reasonableness of the bills.

The juvenile court disagreed. It found that Shaw's testimony regarding CVSSD's investigation and payment practices was sufficient to support findings that the youth's criminal actions caused the expenses and that the expenses were reasonable.

On appeal, youth renews his arguments from below, challenging the sufficiency of the evidence to support findings of causation and reasonableness.

We review a restitution order for legal error and are bound by the juvenile court's factual findings if they are supported by any evidence in the record. *State v. Riekens*, 301 Or App 447, 449, 457 P3d 347 (2019), *rev'd in part on other grounds*, 366 Or 492, 464 P3d 429 (2020). We review the evidence supporting the juvenile court's restitution order in the light most favorable to the state. *State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018).

Restitution in juvenile delinquency cases is governed by ORS 419C.450(1)(a), which provides, in part, that "the victim has the right to receive prompt restitution" in any case "in which the youth offender caused another person any physical, emotional or psychological injury or any loss of or damage to property." "Restitution" is defined, however,

_____

[2] Shaw's testimony referred, in part, to State's Exhibit 1—a request for restitution that contained a list of the amounts paid by CVSSD for hospital, prescription, radiology, and ambulance; those amounts totaled $5,486.33.

by reference to the adult criminal procedure code, specifically, ORS 137.103. ORS 419A.004(28) (incorporating the definition of "restitution" from ORS 137.103 into the juvenile code). It means "full, partial or nominal payment of economic damages to a victim." ORS 137.103(3). In turn, "'[e]conomic damages,'" in relevant part, is defined to mean "objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital *** and other health care services" and "loss of income." ORS 31.710(2)(a); *see* ORS 137.103(2)(a) (incorporating, for purposes of restitution, the meaning given the term in ORS 31.710, with the exception of future impairment of earning capacity).

To support an order of restitution, the state must produce sufficient evidence of criminal activities, economic damages, and a causal relationship between the two. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016). Youth's appeal challenges the sufficiency of the evidence as to causation and reasonableness of economic damages.

As to causation, the record must support a nonspeculative inference that there is a causal relationship between the defendant's criminal activities and the victim's economic damages. *State v. Akerman*, 278 Or App 486, 490, 380 P3d 309 (2016). "The requirement of a causal relationship means that the defendant's criminal activities must be a 'but for' cause of the victim's damages and that the damages must have been a reasonably foreseeable result of the defendant's criminal activities." *State v. Emerine*, 308 Or App 211, 216-17, 480 P3d 308 (2020).

Youth, relying primarily on *Smith*, argues that there was no evidence presented to support the conclusion that youth's criminal activity was the reasonably foreseeable, "but for" cause of the health care costs. In *Smith*, the defendant pleaded no contest to fourth-degree assault constituting domestic violence. 291 Or App at 786. He then appealed the supplemental restitution order that reimbursed CVSSD for amounts paid on behalf of the victim for her chiropractic care and acupuncture treatments. *Id.* at 787. The defendant argued that the testimony of a claims examiner that CVSSD

had provided compensation "related to" the case was insufficient to establish a causal connection between that compensation and the defendant's conduct. *Id.* We held that the examiner's testimony did not "provide a nonspeculative basis to support the inference that there was a causal relationship." *Id.* at 791. In that instance, where the record did not disclose a particular injury or condition that resulted from the defendant's criminal conduct, there was no basis for the trial court to infer that the chiropractic and acupuncture expenses resulted from the admitted assault. *Id.*

Despite some similarities with *Smith*, the evidence in this case was sufficient to support a nonspeculative inference that the victim's bills were connected to youth's conduct. Youth admitted in his plea that he "unlawfully caused physical injury to [the victim] on July 2, 2018." Shaw testified that CVSSD received a claim from the victim for expenses arising out of "an assault that occurred on July 2nd, * * * 2018." The dates coincide, and there was no intimation that the victim needed urgent medical care on that date for any other reason. Shaw testified that the hospital bills paid on behalf of the victim were a result of the victim being transported by ambulance and admitted to a specific hospital.

That evidence was focused in time and circumstance. It provided a more direct connection between the assault and medical expenses than the general assurance in *Smith* that the chiropractic and acupuncture treatments "related to" the defendant's admitted assault. From the evidence in this case, it logically follows that the victim incurred the challenged medical bills as a result of youth's admitted assault of the victim on July 2, 2018. *See State v. Olson*, 296 Or App 687, 692, 439 P3d 551 (2019) (noting that an inference is permissible where there is a logical probability that an ultimate fact will follow a stated narrative or historical fact).[3] The evidence admitted at the restitution hearing was

_____

[3] To the extent that youth argues that there is no evidence establishing causation as to each individual cost billed from that hospital visit, that is a question of necessity rather than causation. Those issues are distinct. *See generally State v. Perdew*, 304 Or App 524, 526, 467 P3d 70 (2020) (explaining that whether medical expenses are "necessarily incurred" is a different inquiry than whether the injuries were caused by the defendant's conduct). Given that youth does not challenge whether the expenses were "necessarily incurred," we need not address that argument further.

sufficient to establish that youth's conduct caused the medical expenses incurred by the victim.

As to economic damages, youth's argument turns upon the definition of economic damages as "*reasonable charges* necessarily incurred for medical, hospital, \*\*\* and other health care services." ORS 31.710(2)(a) (emphasis added). We have previously explained that a medical charge is reasonable if it is at (or below) the market rate for the services, drugs, or other medical expenses. *State v. Campbell*, 296 Or App 22, 30, 438 P3d 448 (2019), *rev'd in part on other grounds*, 366 Or 825, 470 P3d 369 (2020).

Youth argues that testimony from a CVSSD claims manager that the victim's medical bills were reimbursed in accordance with the workers' compensation fee schedule does not alone establish that medical charges paid at those rates were reasonable. For the reasons stated in *State v. Workman*, 300 Or App 622, 624-25, 455 P3d 566 (2019), we disagree. That is, due to statutory requirements, "it can be inferred that workers' compensation fee schedules reflect customary market rates for medical services and, consequently, that medical charges paid at those rates, as happened here, were reasonable." *Id.* at 625 (referencing ORS 656.248(1)). That inference, coupled with the testimony offered, compels the same conclusion in this case.

On this record, the evidence was sufficient to support the court's conclusions that youth's conduct caused the medical expenses and that the bills were for reasonable amounts.

Affirmed.