Submitted June 2, affirmed July 14, petition for review denied November 4, 2021 (368 Or 702)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE JOSEPH FUGATE,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR57946; A172847

493 P3d 574

Ann Marie Simmons, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for second-degree assault and assaulting a public safety officer. He assigns error to (1) the imposition of durational departure sentences based on an aggravating factor that, defendant contends, was not alleged by the state; (2) the imposition of a 36-month post-prison supervision (PPS) term on the second-degree assault that should have been 0 months; and (3) the imposition of restitution for the victim's medical expenses reimbursed at workers' compensation rates. The state responds that the two claims of sentencing error are moot, because the trial court amended the judgment to address them, and the restitution award is reasonable and consistent with *State v. Workman*, 300 Or App 622, 455 P3d 566 (2019). As we explain below, we agree with the state and, therefore, affirm.

After defendant filed his opening brief, the trial court amended the judgment in two ways. First, the court amended the judgment to eliminate the reliance on the contested aggravating factor and to specify reliance on factors alleged by the state and found by the court at the sentencing hearing. Second, the court removed the 36-month PPS term on defendant's second-degree assault conviction. Consequently, defendant's claims of sentencing error are moot, and, for that reason we do not review them on the merits.

Next, defendant contends that the trial court erred in imposing restitution for the victim's medical expenses, because the record lacked evidence that the medical charges correlated to market rates and were thus reasonable. The state responds that the court's imposition of restitution was reasonable under *Workman*, 300 Or App at 625 (concluding that medical expenses that are paid at workers' compensation rates are presumptively reasonable because the statutory "worker's compensation fee schedules reflect customary market rates for medical services"). The state is correct.

The record establishes that the medical expenses that Douglas County paid were at the workers' compensation rates as "a self-insured entity for purposes of workers'

compensation." Because the county paid the victim's medical costs pursuant to the workers' compensation fee schedules, those costs are presumptively reasonable under *Workman*.

Affirmed.