Submitted October 4, 2021; supplemental judgment reversed in part, remanded for resentencing, otherwise affirmed March 23, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROSA MERCEDES GASTIABURU,
*Defendant-Appellant.*

Deschutes County Circuit Court
18CR21211; A172024

508 P3d 592

Defendant appeals a supplemental judgment ordering her to pay restitution for medical expenses to the victim's health insurer and Oregon Department of Justice Crime Victims' Compensation (CVC). At the restitution hearing, the state presented evidence that the health insurer and CVC paid for various medical expenses at an amount less than they were billed. On appeal, defendant challenges the restitution awards, contending that the evidence was legally insufficient that the medical expenses were reasonable. *Held*: The trial court erred. The evidence adduced by the state in the trial court was legally insufficient to support the restitution awards to the victim's health insurer and CVC. That is because that evidence did not demonstrate how the amounts paid by the health insurer and CVC corresponded to market rates and, therefore, did not demonstrate that the amounts paid by the health insurer and CVC were at or below market rates.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.

Beth M. Bagley, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

After a motor vehicle crash, defendant was convicted of driving under the influence of intoxicants, ORS 813.010, and fourth-degree assault, ORS 163.160. As part of her sentence, the sentencing court imposed restitution for the victim's medical expenses. Specifically, defendant was ordered to pay $5,504.45 in restitution to the victim's health insurer, Pacific Source Health Plans (Pacific Source), and $11,259.67 in restitution to Oregon Department of Justice Crime Victims' Compensation (CVC).[1] On appeal, she challenges those restitution awards, contending that the evidence was legally insufficient that those medical expenses were reasonable. For the reasons explained herein, we reverse in part, and we remand for resentencing.

## BACKGROUND

The relevant facts are undisputed. Defendant was driving under the influence of intoxicants and struck a car that was being driven by the victim, causing the victim various injuries. For that conduct, defendant was charged with and pleaded guilty to the crimes of driving under the influence of intoxicants and fourth-degree assault. The state sought restitution from defendant to compensate Pacific Source and CVC for expenses that Pacific Source and CVC had paid to cover the victim's medical treatments.

During the restitution hearing, the victim testified about injuries that she had sustained in the crash and

---

[1] In this case, the supplemental judgment awarded restitution to "Oregon Department Of Justice Crime Victims Comp," which we understand to refer to the Oregon Department of Justice program for providing compensation to victims of crime. Because we rely in this opinion on our case law regarding restitution awarded to that program, at the outset, to avoid confusion, we note that our case law regarding restitution awarded to that program has used various names and acronyms to describe it. *See State v. J. M. E.*, 299 Or App 483, 484, 451 P3d 1018 (2019) (concerning restitution to "Crime Victims' Compensation Program (CVCP)"); *State v. Henry*, 315 Or App 169, 171, 499 P3d 863 (2021), *rev den*, 369 Or 211 (2022) (same); *State v. C. A. M.-D.*, 312 Or App 1, 2, 493 P3d 55, *rev den*, 368 Or 637 (2021) (concerning restitution to "Crime Victim and Survivor Services Division (CVSSD)"); *State v. Fox*, 313 Or App 317, 318, 496 P3d 10 (2021) (concerning restitution to "Crime Victim's Services Division (CVSD)"); *State v. Park*, 317 Or App 692, 693, 505 P3d 1026 (2022) (concerning restitution to "Criminal Injuries Compensation Account (CICA)"). Given the description of the program in the supplemental judgment in this case, in this opinion we use the acronym CVC.

medical treatments that she had received, and the state presented evidence of the amounts that various medical providers had billed for those treatments. The state also presented evidence that, in making payments to those medical treatment providers, Pacific Source had paid less than the billed amounts and that, for many of the medical expenses, CVC too had paid less than the billed amounts. The state did not elicit any testimony addressing how the amounts paid by Pacific Source and CVC related to the customary market rates for the medical services covered by those payments.

After the close of evidence, defendant argued that the evidence was insufficient to permit a restitution award for the victim's medical expenses because there was no evidence that the medical expenses were reasonable and necessary. The trial court rejected that argument and issued a supplemental judgment ordering defendant to pay $5,504.45 in restitution to Pacific Source and $11,259.67 in restitution to CVC.[2] Defendant appeals that supplemental judgment.

## ANALYSIS

"Whether the prerequisites for imposing restitution have been met is ultimately a legal question that will depend on the trial court's findings of fact." *State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018). "We review whether a trial court complied with the requirements for imposing restitution for errors of law," but "we will uphold the trial court's findings of fact so long as there is any evidence in the record to support them." *Id.*

ORS 137.106(1)(a) requires a trial court to order restitution "[w]hen a person is convicted of a crime *** that has resulted in economic damages."[3] "When the state seeks

---

[2] The trial court also ordered defendant to pay $803.54 in restitution to the victim. Defendant does not challenge that restitution award on appeal.

[3] ORS 137.106(1)(a) provides:

"When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. The court may extend the time by which the presentation must be made for good cause. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring

restitution for amounts paid for medical charges," among other requirements, "it must prove that the charges were reasonable." *State v. Workman*, 300 Or App 622, 623, 455 P3d 566 (2019). "A medical charge is reasonable if it is at (or below) the market rate for the services, drugs, or other medical items provided: The market rate is a reasonable amount for a victim to recover for medical expenses." *Id.* (internal quotation marks and brackets omitted). "A trial court cannot rely on medical bills alone to establish that a medical expense is at the market rate; rather, some additional testimony or evidence is required to support the reasonableness of the bill for the hospital or medical services." *State v. Fox*, 313 Or App 317, 323, 496 P3d 10 (2021) (internal quotation marks and brackets omitted). "Similarly, a trial court cannot rely on 'common sense' alone to conclude a medical charge is reasonable." *Id.*; *see also State v. McClelland*, 278 Or App 138, 146, 372 P3d 614, *rev den*, 360 Or 423 (2016) ("We also hold that the trial court could not simply rely on a review of the bill and 'common sense' to conclude that such charges were reasonable.").

On appeal, defendant argues, among other points, that the trial court "erred in imposing restitution because the state failed to introduce any evidence that the charges were reasonable." The state responds that "the amount of the restitution awards was reasonable because the state offered evidence to support a finding that, when Pacific Source and [CVC] paid for the victim's medical treatment, they did so at market rates." In the state's view, it demonstrated reasonableness "through the fact that institutional players," *i.e.*, Pacific Source and CVC, "paid for medical services at an amount less than they were billed."

Having reviewed the record, we conclude that the trial court erred in awarding restitution to Pacific Source and CVC. The evidence adduced by the state in the trial court—*viz.*, evidence that Pacific Source and CVC paid for various medical expenses at an amount less than they

that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court. The lien, priority of the lien and ability to enforce the specific amount of restitution established under this paragraph by a supplemental judgment relates back to the date of the original judgment that is supplemented."

were billed—is legally insufficient to support the restitution awards to Pacific Source and CVC. That is because that evidence did not demonstrate how the amounts actually paid by Pacific Source and CVC correspond to market rates, and, therefore, does not demonstrate that the amounts paid by Pacific Source and CVC were at or below market rates, *i.e.*, reasonable. *State v. Hilburn*, 301 Or App 48, 50-51, 455 P3d 995 (2019) ("Although it is true that the amounts paid by [the Department of Human Services] and [Willamette Valley Community Health] were discounted—substantially in some instances—from the amounts billed, the fact of the discount, alone, does not demonstrate that the amounts paid were at or below market rates.").[4]

In seeking a contrary result, with regard to the restitution to Pacific Source, the state posits that Oregon should adopt a "commonsense rule" that a "paid medical bill is *prima facie* evidence of the reasonableness of damages based on the notion that an insurer has no business incentive to pay an unreasonable bill." Although such a rule has analytical and pragmatic appeal, we decline to adopt the *per se* rule the state proposes. The payment of medical bills by an insurer, without more, is not legally sufficient evidence that the payment was at or below the market rate and, therefore, reasonable. *See Fox*, 313 Or App at 325 ("Brown testified that Blue Cross paid $3,346.26 in total but did not elaborate on how the amounts paid correspond to customary market rates. Without more information, the trial court cannot conclude that the medical expenses were at or below the market rate and, therefore, reasonable."). In rejecting the state's argument that we should adopt the *per se* rule it proposes, we observe that, although, generally, no "institutional player" has a "business incentive"—terms we borrow

---

[4] The state also argues that the evidence of payment in this case was "akin to the sort of 'detailed repair estimate' that the Oregon Supreme Court recently held was sufficient evidence to support the reasonableness of an automobile insurer's payment of repair costs" in *State v. Aguirre-Rodriguez*, 367 Or 614, 482 P3d 62 (2021). In *Aguirre-Rodriguez*, the repair estimate was "prepared using industry-standard materials *designed to source prices directly from the local market* and to estimate labor rates and the price of replacement parts," and the estimate, "therefore, provided the factfinder with some knowledge of the market rate." *Id.* at 623-24 (emphasis added). The evidence in this case—ledgers showing the amount billed and amount paid for medical treatments—is markedly different than the evidence in *Aguirre-Rodriguez*.

from the state's briefing—to pay an unreasonable bill, we have held that payment of a bill by what we understand to be "institutional players" is insufficient to establish that the bill was for a reasonable amount. *See Hilburn*, 301 Or App at 50-51 (evidence of payment of medical expenses by Willamette Valley Community Health and the Department of Human Services was insufficient to establish that the expenses were reasonable); *State v. Henry*, 315 Or App 169, 171, 174, 499 P3d 863 (2021), *rev den*, 369 Or 211 (2022) (evidence of payment of medical expenses by Crime Victims' Compensation Program was insufficient to establish that the expenses were reasonable).[5]

The state also contends that the medical expenses paid by CVC were "reasonable" because CVC "is limited by statute to paying only '*reasonable* medical and hospital expenses'" under ORS 147.035(2)(a) (emphasis added).[6] We reject the state's arguments concerning ORS 147.035(2)(a) and CVC for the reasons stated in *State v. J. M. E.*, 299 Or App 483, 489, 451 P3d 1018 (2019). *See Henry*, 315 Or App at 173 ("[I]n *State v. J. M. E.*, we held that payment by CVCP—without more—does not permit a trial court to find that the amount paid was reasonable for purposes of a restitution award.").[7]

---

[5] In making its arguments on appeal regarding its proposed *per se* rule, the state points to our observation in *State v. Campbell*, 296 Or App 22, 31-32, 438 P3d 448 (2019), *rev'd on other grounds*, 366 Or 825, 470 P3d 369 (2020), that "the fact that a health insurer has paid a medical bill is something more than evidence of a medical bill standing alone; it is some indication of the charge's reasonableness."

In *Campbell* there was "evidence of reasonableness beyond payment" in the form of, among other evidence, testimony that payments "were at or below the usual and customary rate for those services in that market," so the court did "not address whether proof of payment alone can give rise to an inference of reasonableness." *Id.* at 28 n 7, 32. Thus, *Campbell* does not control the outcome of this case.

[6] ORS 147.035(2) provides, in relevant part:

"When a claim for compensation is filed in a case of injury, compensation may be awarded for:

"(a) The victim's reasonable medical and hospital expenses, including counseling expenses, up to a maximum amount of $20,000[.]"

[7] On appeal, the state argues that *J. M. E.* "did not consider ORS 147.035(12), which requires adopting a fee schedule based on the 'usual and customary fees charged to the public.'" Although *J. M. E.* did not expressly mention ORS 147.035(12) in reaching its holding, we do not understand that to mean that it did not consider that provision in its review of the statutory and regulatory scheme governing CVC. *J. M. E.*, 299 Or App at 489 ("After reviewing the statutory and

In contrast to cases where we concluded that the trial court did not err in awarding restitution to CVC for reasonable medical expenses that were paid pursuant to the workers' compensation fee schedule, in this case no evidence was adduced that the medical expenses that CVC paid were paid by CVC pursuant to the workers' compensation fee schedule. *Cf. Workman*, 300 Or App at 625 (noting testimony that medical expenses were paid by CVCP "in accordance with the workers' compensation fee schedule[s]" allowed "for the conclusion that the amounts paid were reasonable" because, in view of the statutory requirements governing workers' compensation, "it can be inferred the workers' compensation fee schedules reflect customary market rates for medical services"); *Fox*, 313 Or App at 318, 324 (testimony that CVSD paid hospital bills that "had been reduced by the workers' compensation fee schedule" was "sufficient to establish that the medical expenses paid by CVSD on behalf of [the victim] were at or below the market rate and, therefore, reasonable").

In this case, the evidence is undisputed that CVC paid the medical bills at a reduced rate, but that is insufficient evidence as to their reasonableness. *See Henry*, 315 Or App at 171, 174 (holding affidavit executed by a CVCP representative "that explained how CVCP determines whether crime victims are eligible for compensation and described the awarded benefits and amounts that CVCP paid for [the victim's] medical costs" was "insufficient evidence in the record to support the reasonableness of the medical costs paid for by CVCP" because it "did not establish that the

---

regulatory scheme that governs CVCP, ORS 147.035(2)(a) and OAR 137-076-0020(3), we cannot conclude that it is comparable to that which governs publicly funded health insurers. *** [A]lthough CVCP appears to be under a statutory duty to provide compensation for only those medical bills that it deems 'reasonable,' there is simply not the same level of oversight or direction as to what that 'reasonable' charge may be.").

Furthermore, we observe that ORS 147.035(12) requires the Department of Justice to adopt "medical fee schedules" that "represent at least the 75th percentile of the usual and customary fees charged to the public as determined by the department." It thus sets a minimum—not a maximum—for payments of medical expenses by CVC; it, therefore, does not require the Department of Justice to adopt fee schedules with maximum payments that are at (or below) the market rate. *Workman*, 300 Or App at 623-24 ("The market rate is a reasonable amount for a victim to recover for medical expenses." (Internal quotation marks and brackets omitted.)).

amounts paid were at, or below, the market rate"); *Hilburn*, 301 Or App at 50-51 (evidence that the Department of Human Services and Willamette Valley Community Health paid less than amounts billed for medical expenses was insufficient to establish reasonableness).

Accordingly, we reverse the supplemental judgment insofar as it awarded restitution to Pacific Care and CVC, and we remand for resentencing.

Supplemental judgment reversed in part; remanded for resentencing; otherwise affirmed.