754 February 14, 2024 No. 100

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STACY MURREL SMITH,
aka Stacey Murrel Smith,
*Defendant-Appellant.*

Umatilla County Circuit Court
20CR55315; A177591

Jon S. Lieuallen, Judge.

Submitted August 10, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Portion of amended judgment awarding restitution reversed; otherwise affirmed.

## PAGÁN, J.

Defendant was charged with and convicted of assault in the fourth degree, ORS 163.160, and harassment, ORS 166.065. On appeal, defendant seeks reversal of an amended judgment ordering him to pay $4,444.15 in restitution for the victim's medical expenses. For the following reasons, we conclude that the trial court erred when it ordered restitution for charges arising out of the victim's medical expenses because the state did not present sufficient evidence showing that the charges were reasonable. Accordingly, we reverse the portion of the amended judgment awarding restitution.

We review restitution orders for errors of law and are bound by the trial court's factual findings if they are supported by any evidence in the record. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016). As such, "[w]e review the evidence supporting the trial court's restitution order in the light most favorable to the state." *State v. Kirkland*, 268 Or App 420, 421, 342 P3d 163 (2015).

When a defendant has been convicted of a crime that results in economic damage to the victim and proof of that economic damage is established, a sentencing court must order restitution. ORS 137.106(1)(a) (2015), *amended by* Or Laws 2022, ch 57, § 1.[1] The amount of restitution "equals the full amount of the victim's economic damages as determined by the court." *Id.* Economic damages are "objectively verifiable monetary losses" that include "reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services." ORS 31.705(2)(a).[2] The state bears the burden of satisfying the statutory prerequisites to a restitution award. *State v. Aguirre-Rodriguez*, 367 Or 614, 618, 482 P3d 62 (2021). Thus, when a victim seeks restitution for medical services, the state has the burden to prove that the cost of such services is reasonable and necessarily incurred. *McClelland*, 278 Or App at 143.

---

[1] We cite the version of the statute in effect at the time of the hearing.

[2] ORS 137.103(2)(a) defines "economic damages" as having the same meaning as the term is defined for civil matters under ORS 31.705 except that the term does not include future impairment of earning capacity.

Whether medical charges are reasonable and whether the treatment is necessary are distinct inquiries. *State v. Campbell*, 296 Or App 22, 35, 438 P3d 448 (2019), *rev'd on other grounds*, 366 Or 825, 470 P3d 369 (2020). Medical expenses are considered "necessarily incurred" when they are required for "necessary medical treatment." *White v. Jubitz Corp.*, 347 Or 212, 234, 219 P3d 566 (2009). Medical expenses are "reasonable" when the expenses are at or below the relevant market rates for the services provided. *Campbell*, 296 Or App at 30-31. The submission of a bill, without more, is insufficient proof of a reasonable hospital or medical charge.[3] *McClelland*, 278 Or App at 144. Rather, "[s]ome additional testimony or evidence is required to support the reasonableness of the bill for the hospital or medical services." *Id.*

Here, defendant argues that the trial court erred by imposing $4,444.15 in restitution because the state failed to prove that the medical expenses were reasonable and necessarily incurred.[4] The state concedes—and we agree—that the record lacks evidence that the victim's medical expenses for the radiology costs, family physician visits, prescription costs, and outpatient physiatry were reasonable. The only evidence offered about those expenses was a spreadsheet indicating what the victim paid for the services. That evidence is

---

[3] We note that, under the current version of ORS 137.106, "economic damages will be presumed reasonable if the damages are documented in the form of a record, bill, estimate or invoice from a business, health care entity or provider or public body as defined in ORS 174.109."

[4] The state contends that defendant's error is not preserved and that we should not exercise our discretion to review for plain error. However, defendant preserved his challenge to both the reasonableness of the victim's medical charges and necessity of the treatment. Defendant argued at the restitution hearing that the medical charges were excessive, unclarified, and insufficiently detailed. That put at issue the reasonableness of the victim's medical charges. Defendant further argued that the victim was less injured than he claimed and noted that the victim was continuing to work, was going hiking, volunteering, and engaging in other strenuous activities even after the assault. That contention put the necessity of the treatment at issue. Although we acknowledge that the specific arguments of necessity and reasonableness could have been more clearly delineated by defendant, we view both issues as adequately preserved for this appeal. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) ("The fact that the level of detail or thoroughness with which a party articulates a position may leave something to be desired does not mean that it was insufficient to serve the rule of preservation's pragmatic purposes. The point *** is whether a party provides sufficient information to enable opposing parties to meet an objection and the trial court to avoid error.").

insufficient to establish reasonableness. *See State v. Hilburn*, 301 Or App 48, 50-51, 455 P3d 995 (2019) (concluding that a lack of evidence about how charges for medical services, or the amounts paid for those services, correspond to market rates, meant that the state failed to prove that the medical expenses were reasonable).

The victim's emergency room visit, CT scan, and physical therapy costs were also not established as reasonable. The only evidence presented by the state to justify the charges for the emergency room visit and CT scan was a bill from Providence Health. That medical bill, without more, was insufficient to prove whether the charges for those services were reasonable. *See McClelland,* 278 Or App at 146 ("[P]roof of reasonableness requires more than evidence of the medical charges themselves."). Likewise, the physical therapy charges were not established as reasonable because the only evidence presented was a spreadsheet of the charges and testimony from the victim's physical therapist stating that the prices in his clinic were set by an insurance company. However, that evidence did not demonstrate how the prices correspond to market rates. *See State v. Gastiaburu*, 318 Or App 454, 457-58, 508 P3d 592 (2022) (The payment of a medical bill by an insurer did not demonstrate how the amounts paid correspond to market rates, and, therefore, did not demonstrate that the charges were at or below market rates, *i.e.*, reasonable.).

Thus, because the state failed to produce sufficient evidence to award restitution, reversal of that portion of the judgment, without remand, is appropriate. [5] *See State v. Mann*, 329 Or App 279, 297, 540 P3d 582 (2023) (reversing

---

[5] To the extent that defendant argues that the victim's medical expenses for the emergency room visit, CT scan, and follow up care were not necessarily incurred, we disagree. The victim testified that he sought emergency medical treatment after defendant struck him on the face. The victim did not request a CT scan. Rather, he informed the ER doctor of his medical history, and the doctor decided the CT scan was necessary. From that evidence, the trial court could have concluded that the victim's visit to the emergency room, the CT scan, and follow-up care were necessary. *See State v. Jordan*, 249 Or App 93, 100, 274 P3d 289, *rev den*, 353 Or 103 (2012) ("Although [the victim's wife's testimony] is not a great deal of evidence regarding the necessity of naturopathic treatments and organic foods, it is some evidence from which the trial court could find that the disputed expenses were necessary, and that is sufficient.").

restitution award outright when state failed to meet its evidentiary burden).

Portion of amended judgment awarding restitution reversed; otherwise affirmed.