600                    January 28, 2026                    No. 30

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of F. E. D. J. L. R.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

F. E. D. J. L. R.,
*Appellant.*

Washington County Circuit Court
23JU04731; A183282 (Control), A183285

Thomas A. Goldman, Judge pro tempore.

Submitted July 22, 2025.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

### ORDER

The panel has voted to grant respondent's petition for reconsideration to designate its nonprecedential memorandum opinion, issued on November 26, 2025, precedential. The petition for reconsideration was brought pursuant to ORAP 6.25(1)(f), which was a temporary rule that expired on December 31, 2024, and was not adopted as a permanent rule. As a result, that specific reconsideration factor does not provide a basis for reconsideration; however, the court concluded that it was appropriate to consider and grant the requested reconsideration based on other factors in ORAP 6.25(1). The nonprecedential memorandum opinion, issued on November 26, 2025, accordingly is withdrawn and forthwith issued as a precedential opinion.

**OPINION**

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Youth admitted to conduct that, if committed by an adult, would constitute fourth-degree assault and harassment after knocking a classmate unconscious, leaving him with head pain and facial bruising. On appeal, he challenges the juvenile court's order of restitution payable to Equian LLC, a recovery company working on behalf of Kaiser Permanente, which insured the victim through the Oregon Health Plan and paid $1,099 for the victim's medical care. In two assignments of error, youth argues, first, that Equian is not an insurer to whom restitution can be paid under ORS 137.103(4)(d) and, second, that the juvenile court plainly erred because the evidence of both the reasonableness and necessity of the medical charges was legally insufficient. We reject youth's first assignment and, as to the second, are not persuaded that the juvenile court plainly erred in assessing the medical charges. Therefore, we affirm.

As youth acknowledges, ORS 137.104(4)(d) permits orders of restitution to affected insurance carriers. It is undisputed that Equian seeks to recover the restitution damages on behalf of Kaiser, which is an insurance carrier within the plain text of the statute. Youth identifies no authority that prohibits Kaiser from employing a company to recover damages on its behalf; indeed, such a prohibition would contravene the statute's legislative history, which evinces a clear legislative intent to enable recovery of restitution by insurers and, in doing so, acknowledges the business practice of hiring a third party to aid in the collection of damages. The juvenile court did not err in its restitution order to Equian on behalf of Kaiser.

As to the reasonableness of the medical charges, youth's challenge is foreclosed by *State v. J. M. E.*, 299 Or App 483, 451 P3d 1018 (2019). In that case, we reaffirmed that payment by a publicly funded health insurer provides legally sufficient evidence of reasonableness due to the extensive statutory and regulatory schemes that prescribe the payment of only reasonable rates by such insurers. *Id*. at 487. Here, it was undisputed that Kaiser made the payments under the Oregon Health Plan, the state's publicly funded Medicaid program. Separately, ORS 137.106(1)(c) also now

provides that bills and statements from health care entities are presumed reasonable, and youth offers no reason to discount Kaiser's statement of benefits delineating its payment for the care.

As to the necessity of the medical charges, youth concedes that they are for treatment the victim received for a contusion and localized swelling on the day of the assault at issue, but youth argues that the record does not disclose where on the victim's body those injuries occurred, rendering the charges speculative. To the contrary, a statement from the victim described how the assault gave him head pain and facial bruising, and a video of the assault showed youth's actions that prompted the medical care that the victim received. Any error as to the reasonableness and necessity of the charges was not plain on this record.

Affirmed.