Submitted September 14, 2022, affirmed February 1, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY ALLEN WAGNON,
*Defendant-Appellant.*

Lane County Circuit Court
18CR76413; A175055

524 P3d 544

Defendant appeals from a supplemental judgment imposing criminal restitution, arguing that the trial court erred in awarding compensation for the victim's copays because the state failed to establish that each copay amount was reasonable. Defendant's argument on appeal is that the standard for establishing that a medical expense is reasonable should be the same standard used for copays. Therefore, defendant contends, because there was no testimony about the market rate for copays, or testimony that each of the victim's copays was "reasonable," the state failed to prove that the copays were reasonable. *Held*: The Court of Appeals held that the evidence in the record was sufficient to demonstrate that the copay charges were reasonable. The court concluded that it was not necessary to provide evidence of the market rate of copays, because copays are not a service for which there is a market. Additionally, the court reasoned that a factfinder can be presumed to know whether a charge for a copay is reasonable and therefore the state was not required to put on testimony that the victim's copays were reasonable.

Affirmed.

Kamala H. Shugar, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a supplemental judgment imposing criminal restitution, arguing that the trial court erred in awarding compensation for the victim's copays, because the state failed to establish that each copay amount was reasonable. We conclude that the record contains sufficient evidence that the copays were reasonable, and therefore affirm.

Defendant pleaded guilty to assault in the fourth degree, ORS 163.160, for punching the victim, J, in the face, breaking her zygomatic arch and causing a concussion.[1] J incurred significant medical expenses as well as lost wages as a result of the assault. After a hearing spanning multiple days, the trial court awarded restitution to the Criminal Injuries Compensation Account (CICA) for J's medical copays in the amount of $2,513.80 and lost wages in the amount of $3,880.33. The trial court also awarded J restitution for lost wages totaling $9,944.10. Providence Health Plan requested reimbursement for the amount the insurance plan paid for J's medical bills, but the trial court declined to award any compensation, because the record did not establish the fair market value of those expenses. Defendant appeals and challenges only the $2,513.80 awarded to CICA for J's copays, contending that the state failed to prove that the amount was reasonable.

Defendant's sole argument on appeal is that the standard for establishing that a medical expense is reasonable should apply equally to copays. Therefore, defendant contends, because there was no testimony about the market rate for copays, or testimony that each of J's copays was "reasonable," the state failed to prove that the copays were reasonable. He does not challenge any other aspect of the trial court's ruling. The state responds that, because the record established that the copays were paid in the contracted amount for J's health insurance, that evidence is sufficient to support a finding that the copays were reasonable.

---

[1] We affirmed defendant's judgment of conviction without opinion. *State v. Wagnon*, 310 Or App 702, 484 P3d 327 (2021).

"In reviewing a restitution award, we review the trial court's legal conclusions for legal error and its factual findings for any evidence." *State v. Skeen*, 309 Or App 288, 290, 481 P3d 402 (2021). We view the evidence supporting the trial court's restitution order in the light most favorable to the state. *State v. Perdew*, 304 Or App 524, 527, 467 P3d 70 (2020).

A court may order a defendant to pay a victim restitution for "economic damages" resulting from the crime. ORS 137.106(1)(a) (2020).[2] A key "purpose of damages and criminal restitution is to make a victim whole[.]" *State v. Islam*, 359 Or 796, 802, 377 P3d 533 (2016). "When the state seeks restitution for amounts paid for medical charges, among other requirements, it must prove that the charges were reasonable." *State v. Gastiaburu*, 318 Or App 454, 456-57, 508 P3d 592 (2022) (internal quotation marks omitted). Under ORS 137.106 (2020), there is no presumption that medical or hospital charges are reasonable.[3] *State v. Dickinson*, 298 Or App 679, 683, 448 P3d 694 (2019). "A medical charge is reasonable if it is at (or below) the market rate for the services, drugs, or other medical items provided[.]" *State v. Workman*, 300 Or App 622, 623, 455 P3d 566 (2019).

The trial court concluded that the copays charged to J by the insurance company for certain medical services were reasonable based on the testimony of J, Shaw, a representative of the Crime Victim and Survivor Services Division (CVSD), and Cunningham, a subrogation analyst for Providence Health Plan. J testified that her insurance set the amount of the copays for which she was financially responsible and that they were generally between $35 and $45, depending on the provider. Cunningham testified that copays are a flat dollar amount and are part of the insured's out-of-pocket expenses as outlined by the insurance plan that, in this case, was purchased by J's employer. Shaw

---

[2] ORS 137.106 has subsequently been amended; we cite the version of the statute in effect at the time of the hearing. Or Laws 2022, ch 57, § 1.

[3] We note that, under the current version of ORS 137.106, as amended by House Bill 4075 (2022), at a restitution proceeding, "economic damages will be presumed reasonable if the damages are documented in the form of a record, bill, estimate or invoice from a business, health care entity or provider or public body as defined in ORS 174.109."

testified that CVSD pays the copays and deductibles for victims with health insurance based on the medical bill and the explanation of benefits. The state also submitted an exhibit that broke down the copays by date, provider, and amount. We agree with the trial court that that evidence was sufficient to demonstrate that the copay charges were reasonable.

Beginning with defendant's argument that the market-rate analysis should apply to copays, we conclude that it is not necessary to provide evidence of the market rate of copays in order to establish that a particular copay amount is reasonable. It is true that, to ascertain whether a medical *expense* is reasonable, we normally look to the market rates for the services provided. *See Workman*, 300 Or App at 623 ("A medical charge is reasonable if it is at (or below) the market rate for the services, drugs, or other medical items provided[.]"). However, copays are not a service for which there is a market. As explained at the restitution hearing, copays are a flat fee set by the insurance company that the patient must pay for medical services, and that amount can differ based on the type of provider—copays are *not* the amount the provider charges for the service. *See* ORS 743B.281(2)(c) (including copayment as a type of "cost share to be paid by the enrollee [of a health insurance plan] for the procedure or service").

By contrast, the market-rate analysis for medical expenses is appropriate because "the market rate is the value ascribed to the services in a given market, and the market rate is the burden a victim bears to receive care in that time and place." *State v. Campbell*, 296 Or App 22, 30-31, 438 P3d 448 (2019), *rev'd in part on other grounds*, 366 Or 825, 470 P3d 369 (2020). That analysis is not appropriate in assessing the reasonableness of copays, because the amount of the copay is not correlated to the actual value of the services received. Nor are copays themselves a commodity that can be bought and sold such that their value can be determined using market concepts.

Our decision in *State v. Fox*, 313 Or App 317, 496 P3d 10 (2021), *rev'd in part on other grounds*, 370 Or 456,

521 P3d 151 (2022), does not compel a contrary result. In *Fox* we reversed in part a supplemental judgment awarding restitution for the victims' medical expenses and attorney fees, concluding that the state had failed to present sufficient evidence that one of the victim's medical expenses was reasonable. *Id*. at 318, 325. We concluded that, without evidence breaking down the cost of each service and how the amounts related to the customary market rates, the record was insufficient for the trial court to conclude that those expenses were at or below market rate and, therefore, reasonable. *Id*. at 325. The evidence relating to copays consisted solely of testimony that CVSD had paid the victim $300 for "copays" that insurance would not cover. *Id*. at 318. Based on that limited evidence, we observed that "because the state failed to establish that the $300 [copay] amount was reasonable, * * * the trial court erred in awarding restitution to CVSD for that expense." *Id*. at 325. Here, by contrast, there was testimony as to how the amounts of the copays were established and an itemized breakdown of each copay.

    As to defendant's argument that there must be specific testimony stating that the copays are "reasonable," we further conclude that a factfinder can be presumed to know whether a charge for a copay is reasonable, such that additional testimony is unnecessary. Unlike other charges related to medical services, the copay is the amount that is typically paid by the individual consumer. *Cf. State v. McClelland*, 278 Or App 138, 146-47, 372 P3d 614, *rev den*, 360 Or 423 (2016) ("The finder of fact cannot be presumed to know what is a 'reasonable' charge for medical services based on their own experience and without further evidence, particularly given that many medical services are paid by third parties and insurance companies."). As copays are a standard feature of health insurance, the rates for copays are a matter of common knowledge. *See State v. Hedgpeth*, 365 Or 724, 734, 452 P3d 948 (2019) ("[A] factfinder's common knowledge can supply the bridge to a factfinder's reasonable inference."); ORS 743B.281(2)(c) (in its estimate of costs, an insurer must include an itemization of the "[c]oinsurance, copayment or other cost share to be paid by the enrollee for the procedure or service").

We do not foreclose the possibility that there may be a situation where a copay functions like a commodity such that a market-value test for reasonableness would be appropriate. However, that is not the situation presented here. The evidence in this case included an exhibit containing a breakdown of the date, medical provider, and amount of each copay and testimony that J's insurance provider set the amounts of the copays at a flat rate based on the plan's benefits, that that rate was derived from an arms-length transaction between the insurance company and the employer that purchased the insurance, and that the amounts were generally between $35 and $45 depending on the medical provider. That evidence was sufficient for a factfinder to find that the amounts of the copays were reasonable. *See State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021) ("[T]he issue on review is whether a rational factfinder, accepting all reasonable inferences, could have found the facts necessary to support the [restitution] award."). Therefore, the trial court did not err when it awarded restitution to CICA for those expenses.

Affirmed.