Submitted August 30, affirmed October 18, 2023

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ALFREDO TEJEDA-SERRANO,
*Defendant-Appellant.*
Marion County Circuit Court
20CR68886; A177070

538 P3d 1239

Defendant appeals an amended judgment imposing criminal restitution. Defendant pleaded guilty to one count of first-degree arson, ORS 164.325, after she set fire to and damaged a home in Salem. The homeowner's insurance company compensated the homeowner for lost rent, and the trial court ordered restitution to compensate the insurance company for those costs. Defendant argues that the trial court erred in awarding compensation for lost rent in the amount of $6,210 because the state failed to present sufficient evidence that that amount was reasonable. Defendant contends that is so because the state did not introduce evidence of the rent that the homeowner had actually charged or evidence of rent for comparable properties. *Held*: The Court of Appeals determined that the state did introduce evidence of the rent that the homeowner had actually charged. The court also determined that the factfinder could draw upon common knowledge—in addition to information about the characteristics of the property—to assess the reasonableness of a given monthly residential rental rate. Thus, the court concluded that the evidence in the record was sufficient for the factfinder to determine that the amount paid for lost rent was reasonable. Accordingly, the trial court did not err when it awarded restitution for lost rent in the amount of $6,210.

Affirmed.

Janet A. Klapstein, Judge pro tempore.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals an amended judgment imposing criminal restitution. Defendant argues that the trial court erred in awarding compensation for lost rent in the amount of $6,210 on the ground that the state failed to present sufficient evidence that that amount was reasonable. We conclude that the record contains sufficient evidence for the trial court to determine that $6,210 was reasonable. Therefore, we affirm.

Defendant pleaded guilty to one count of first-degree arson, ORS 164.325, after she set fire to and damaged a home in Salem on December 20, 2020. Three days after the fire, a fire claim representative for State Farm Insurance inspected the property and prepared an estimate of the damages. The fire claim representative's estimate included a detailed floor plan of the house; itemization of observed damages and estimated repair costs; and information about lost rent for the period during which the house would be under repair. State Farm ultimately compensated the homeowner for losses caused by the fire, including lost rental income.

On July 12, 2021, the trial court entered a judgment of conviction, and on September 7, 2021, the state moved to amend the judgment to include restitution in favor of State Farm. At the restitution hearing, the State Farm fire claim representative testified as to the methodology he used to estimate the cost of the repairs, explaining that State Farm routinely uses a computer program to help claim representatives estimate dollar values using data about local markets. The fire claim representative did not specifically testify as to how State Farm arrived at the lost rent estimate, but the state offered the State Farm-generated "Summary of Loss" form into evidence, and the trial court admitted it. The "Summary of Loss" form contains a section entitled "Coverage C – Lost Rent." In that section, the form indicates State Farm's "Limit of Liability" as "actual," and the section contains a table showing the rent calculation using a rate of $1,150 per month, prorated for 11 days of December 2020 and applied in full to January through May of 2021, for a total amount of $6,210. The "Summary of Loss" form also

includes a detailed description of the property including dimensions and features of the structure: The property in question is a 1,610 square foot, four-bedroom, two-bathroom home in Salem. The state also offered—and the trial court admitted—photos showing the damage that the fire caused to the property. The trial court awarded restitution in the full amount requested by the state, $80,686.86, which included $6,210.00 for five months and 11 days of lost rental income for which State Farm had compensated the homeowner.

On appeal, defendant challenges only the $6,210 that the trial court imposed to compensate State Farm for its payment to the homeowner for the lost rent. Defendant contends that the state failed to offer sufficient evidence to determine that that amount was reasonable. In defendant's view, that is so because the state failed to present evidence as to what the homeowner had been charging for rent prior to the fire or evidence "that the rent for comparable properties in the area was similar." Defendant contends that the "entirety of the evidence is that State Farm paid [$6,210] to the property owner."

"In reviewing a restitution award, we examine the trial court's legal conclusions for legal error and its factual findings for any evidence." *State v. Skeen*, 309 Or App 288, 290, 481 P3d 402 (2021) (internal citations omitted). "We review the evidence supporting the trial court's restitution order in the light most favorable to the state." *Id.* (internal quotations omitted); *see also State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021). Under ORS 137.106(1)(a) (2020), *amended by* Or Laws 2022, ch 57, § 1,[1] "a key 'purpose of * * * criminal restitution is to make a victim whole.'" *State v. Wagnon*, 324 Or App 17, 19, 524 P3d 544 (2023) (quoting *State v. Islam*, 359 Or 796, 802, 377 P3d 533 (2016)). The state bears the burden of providing sufficient evidence to support the reasonableness of the restitution award. *Id.* (citing ORS 137.106(1)(a)). The issue in this case is whether the state provided sufficient evidence for a rational factfinder to have determined that the $6,210 in lost rent that State Farm paid to the homeowner was reasonable.

---

[1] ORS 137.106 was amended in 2022. We cite the version of the statute in effect at the time of the hearing. *Wagnon*, 324 Or App at 19 n 2.

As noted, defendant argues that the evidentiary record was insufficient for the trial court to determine that the amount requested for lost rental income was reasonable, because there was no evidence of what the homeowner had been charging to rent the premises. On that issue, the state contends that the word "actual," on the "Limit of Liability" line in the "Coverage C – Lost Rent" section of the "Summary of Loss" form, means that State Farm compensated the homeowner based on the actual rent the homeowner had previously received as rent for the home. We think it is a reasonable inference that the word "actual" in this context means that State Farm's liability to the homeowner was limited by the actual rent that the homeowner had previously received as rent for the property. The calculations set forth on the form support that inference by applying a rate of $1,150 per month to a time period of five months and 11 days to arrive at the total figure of $6,210 for lost rent. In our view, that is sufficient for a factfinder to determine that State Farm reimbursed the homeowner for lost rent in an amount equal to that which the homeowner had previously received as rent for the home.

Defendant also argues that the evidentiary record was insufficient for the trial court to determine that the amount requested for lost rental income was reasonable because the state did not present evidence of "the rent for comparable properties." We have never addressed whether the state must present evidence of the rent for comparable properties to establish the reasonableness of a restitution award for lost rent. However, our past decisions concerning the reasonableness of restitution awards for medical expenses provide useful guidance on that question.

When the state seeks restitution for paid medical expenses—as with all types of expenses—it must show that the charges were reasonable. *Wagnon*, 324 Or App at 19 (citing *State v. Gastiaburu*, 318 Or App 454, 456-57, 508 P3d 592 (2022)). A charge "is reasonable if it is at (or below) the market rate for the services, drugs, or other medical items provided." *Id.* at 19 (quoting *State v. Workman*, 300 Or App 622, 623, 455 P3d 566 (2019)). The "submission of a hospital bill, without more, is insufficient proof for recovery of

'reasonable' hospital or medical services" and "[s]ome additional testimony or evidence is required to support the reasonableness of the bill[.]" *State v. McClelland*, 278 Or App 138, 144, 372 P3d 614 (2016). However, in some situations, "it is appropriate for a factfinder to rely on common sense and practical experience" to assess reasonableness. *State v. Aguirre-Rodriquez*, 301 Or App 42, 45, 455 P3d 997 (2019), *rev'd on other grounds*, 367 Or 614 (2021). "[A] factfinder's common knowledge can supply the bridge to a factfinder's reasonable inference." *State v. Hedgpeth*, 365 Or 724, 734, 452 P3d 948 (2019) (so noting in the context of blood alcohol concentration).

Here, the state argues, and we agree, that the residential rental market is an area in which a factfinder's common knowledge may appropriately inform the factfinder's assessment of reasonableness.[2] In *Wagnon*, we distinguished medical copays from medical expenses with regard to the extent of evidence needed to determine reasonableness. We made that distinction on the basis that while "copays are a standard feature of health insurance," and "the rates for copays are a matter of common knowledge," that is not the same for charges for other medical expenses. *Wagnon*, 324 Or App at 21. In our view, rent payments are more similar to medical copays than they are to other medical expenses; just as people who pay copays do so on their own behalf, those in the rental market also typically pay their rent on their own behalf. *Cf. Wagnon*, 324 Or App at 21 ("Unlike other charges related to medical services, the copay is the amount that is typically paid by the individual consumer."). And, just as many people have experience paying copays, many people have experience paying rent. So, in cases where the state seeks restitution for lost rent, we believe the factfinder can draw upon "common knowledge" or "common sense and practical experience" to assess the reasonableness of a given monthly residential rental rate.

---

[2] The state also argues that State Farm's estimate of lost rent is *per se* reasonable because State Farm has a market incentive to reimburse the insured based on fair rental value of the insured's property. In view of our analysis set forth above, we need not address that specific argument in this case. *See State v. Gastiaburu*, 318 Or App 454, 458-59, 508 P3d 592 (2022) (The fact that an "institutional player" might have a business incentive against paying an unreasonable bill is insufficient to support the reasonableness of said bill.).

Having addressed defendant's arguments, we conclude that, in this case, the evidence in the record was sufficient for the factfinder to determine that the restitution that the state requested to cover State Farm's payment for lost rent was reasonable. The factfinder had access to the "Coverage C – Lost Rent" section of the "Summary of Loss" form, from which the factfinder could reasonably infer the amount of rent the homeowner had previously received. The factfinder also had evidence from the State Farm fire claim representative that the property in question was a 1,610 square foot, four-bedroom, two-bathroom home in Salem, and that State Farm had used this information to determine the value of losses to the home. The "Summary of Loss" form and the fire claim representative's testimony, coupled with the factfinder's "common knowledge" or "common sense and practical experience" regarding residential rental rates, amounted to sufficient evidence to support the factfinder's determination that $1,150 per month was reasonable rent and, thus, that the total restitution award for lost rent in the amount of $6,210 was reasonable.

Therefore, we conclude that the trial court did not err when it awarded restitution to State Farm in the amount of $6,210 to compensate for the lost rent that State Farm paid to the homeowner.

Affirmed.