No. 402 June 12, 2024 253

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARION ALYSSA MARIE GROVE,
aka Darion Alyssa Grove,
*Defendant-Appellant.*

Malheur County Circuit Court
21CR07702; A180027

Erin K. Landis, Judge.

Submitted May 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant pleaded guilty to theft in the first degree, ORS 164.055. She appeals a supplemental judgment imposing restitution. In her sole assignment of error, she argues that the trial court erred when it imposed restitution for "makeup, jewelry, a ruby and diamond ring, a full propane tank, and 15 bags of cans and bottles."

After the restitution hearing in this case, the trial court imposed $5,291.20 in restitution. That amount included restitution for personal property that was stolen by defendant: $230 for makeup, $1,800 for a ruby and diamond ring, $100 for other jewelry, $49 for the propane tank, and $200 for the bags of bottles and cans.

Defendant's challenge to the restitution award is largely centered on the argument that the victim's testimony was insufficient to establish the value of the stolen personal property identified above. Regarding the makeup and jewelry (other than the ring), defendant argues that the "amount requested for makeup and jewelry is not objectively verifiable" as the victim provided "no information on the specific items taken, the number of items or their estimated cost." Regarding the ring, defendant argues that the victim's testimony "that her grandmother told her that her grandfather paid $3,000 for the ring in the 1930s" is not objectively verifiable as the victim did not have "knowledge of the current value of the ring," that she "never had the ring assessed to provide an accurate value," and that "the victim's testimony is insufficient to establish an objectively verifiable value for the ring." Regarding the propane tank, defendant argues that "although the price of propane and the cost of an empty tank is verifiable, without any information on the volume of the propane in the tank when it was taken" the amount requested "is not objectively verifiable." Finally, regarding the fifteen bags of cans and bottles, defendant argues that the victim provided "no information on the size of the bags or the number of cans and bottles in each bag."

In response, the state contends that in the trial court defendant argued that the charges were not

"objectively verifiable," but "on appeal she appears to argue that the charges were not 'reasonable' because they were not shown to reflect current market rates," and that the argument about the legal sufficiency of "the reasonableness of the charges for the missing property" is not preserved. The state also contends that even if defendant's assignment of error is preserved, the evidence is legally sufficient and thus supports the trial court's imposition of restitution.

In reviewing a challenge to the sufficiency of the evidence relating to the imposition of restitution, we view the facts and reasonable inferences in the light most favorable to the state and determine, when so viewed, whether a rational factfinder could have found the facts necessary to support the award. *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021). As the parties both note, the "market value of an item can be established through an owner's testimony, 'unless it is shown that he has no knowledge of the market value of his property in spite of his ownership.'" *State v. Onishchenko*, 249 Or App 470, 477, 278 P3d 63 (2012) (quoting *Lewis v. Worldwide Imports, Inc*, 238 Or 580, 587, 395 P2d 922 (1964)). Furthermore, "'a factfinder's common knowledge can supply the bridge to a factfinder's reasonable inference.'" *State v. Tejeda-Serrano*, 328 Or App 656, 660, 538 P3d 1239 (2023) (quoting *State v. Hedgpeth*, 365 Or 724, 734, 452 P3d 948 (2019)).

Assuming without deciding that defendant's arguments related to whether the charges were reasonable are preserved, we agree with the state that the evidence is legally sufficient to support the trial court's imposition of restitution. During the restitution hearing, the victim testified about the missing personal property and its value. We note that the trial court stated that it found the victim's "testimony to be credible with regard to what was taken." We have reviewed the evidence in this case, and conclude that that testimony, as well as common knowledge, provide legally sufficient evidence for the amounts of restitution that defendant challenges on appeal.[1]

---

[1]    Additionally, given defendant's arguments, we note that to be "objectively verifiable" within the meaning of ORS 31.710, "'damages must be *capable* of verification through objective facts.'"  *State v. Jordan*, 249 Or App 93, 100, 274 P3d 289, *rev den*, 353 Or 103 (2012) (quoting  *DeVaux v. Presby*, 136 Or App 456, 463, 902

Affirmed.

---

P2d 593 (1995); emphasis in *DeVaux*).  Thus, in determining whether damages are
"objectively verifiable" under ORS 31.710, the question is *not* whether the amount
of those damages was *actually* verified during a restitution hearing.  *See id.* ("[The
key is the extent to which damages are *capable* of verification by objective facts,
not the extent to which they are verified at trial."  (Internal quotation marks
omitted.)).  We conclude that the "objectively verifiable" standard was met with
regard to the restitution sought in this case.